IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH L. TEIFELD,<br>on behalf of plaintiff and the class<br>members described below,<br><br>        Plaintiff,<br><br>        vs.<br><br>DYNAMIC RECOVERY<br>SOLUTIONS, LLC; and<br>CROWN ASSET<br>MANAGEMENT, LLC,<br><br>        Defendants. | )<br>)<br>)<br>)  17-cv-4072<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff Judith L. Teifeld respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Dynamic Recovery Solutions, LLC; and Crown Asset Management, LLC ("Crown").

Plaintiff seeks to certify two classes. The Crown class consists of (a) all individuals with Illinois addresses, (b) to whom a letter was sent on behalf of Crown to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which letter offered a settlement or a payment plan (e) and did not state that any payment may restart the statute of limitations, (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

The Dynamic class consists of (a) all individuals with Illinois addresses, (b) to whom Dynamic Recovery Solutions, LLC sent a letter to collect a debt, (c) which debt was a credit card on which the last payment had been made more than 5 years prior to the letter, (d) which letter offered a settlement or a payment plan (e) and did not state that any payment may restart the statute of limitations, (f) which letter was sent on or after a date one year prior to the filing of this action

---

[1] Exhibits referenced are attached to Memorandum in Support of Plaintiff's Motion for Class Certification.

1

and on or before a date 21 days after the filing of this action.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1. Defendants have been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes.

2. On or about August 4, 2016, defendant Dynamic, acting on behalf of defendant Crown, sent plaintiff the letter attached as Exhibit A.

3. The debt was beyond the statute of limitations.

4. Exhibit A offers a series of settlements and payment plans.

5. Exhibit A states, "The law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it."

6. Exhibit A does not disclose that making a payment as requested may restart the statute of limitations. This omission is a violation of the FDCPA. *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017).

**CLASS CERTIFICATION REQUIREMENTS**

7. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

8. The classes are so numerous that joinder of all members is not practicable.

9. It is reasonable to infer that the number of class members exceeds the approximately 40 required for certification. Debt collection companies generally acquire portfolios consisting of numerous similar debts, rather than individual debts. It is therefore reasonable to infer that Defendants have been attempting to collect on time-barred credit card debts from many Illinois residents and communicating with many Illinois residents.

10. Plaintiff will obtain the exact number of individuals in each class through discovery,

and requests a sufficiently long briefing schedule to do so.

11. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants' letters were misleading." in its communications regarding the debts.

12. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

13. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions. (Exhibit B).

14. Class actions are superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

15. In further support of this motion, plaintiff submits the accompanying memorandum of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as class actions.

        Respectfully submitted,

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

3

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on May 30 2017, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and served via process server to the following:

Dynamic Recovery Solutions, LLC
135 Interstate Boulevard, Suite 6
Greenville, SC 29615

Crown Asset Management, LLC
c/o Registered Agent Solutions Inc.
901 S. Second Street, Suite 201
Springfield, IL 62704

                                                  s/Daniel A. Edelman
                                                  Daniel A. Edelman