IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Judith L. Teifeld, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:17-cv-04072 |
| vs. ) | |
| ) | Honorable Sharon Johnson Coleman |
| Dynamic Recovery Solutions, LLC, and ) | |
| Crown Asset Management, LLC, ) | |
| ) | |
| Defendants. ) | |

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1. **Parties.** Defendants, Dynamic Recovery Solutions, LLC ("Dynamic") and Crown Asset Management, LLC ("Crown") (collectively "Defendants") and Plaintiff, Judith L. Teifeld ("Plaintiff") individually, and as representative of the class of persons defined below in Paragraph 8 (the "Class"), enter into this Class Settlement Agreement as to Plaintiff's individual and class claims arising from Defendant's collection letters (the "Agreement").

2. **Case, Parties, and Nature of the Litigation.** Plaintiff, individually and on behalf of the Class, filed the above-captioned action in the United States District Court for the Northern District of Illinois, Eastern Division (the "Litigation"). Plaintiff alleged that: Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), when Dynamic sent collection letters on time-barred debts allegedly owed to Crown without disclosing that making a payment on those debts may restart the statute of limitations. Dynamic has advised Plaintiff that these letters were all mailed on or about August 4, 2016 (the "Collection Letters"). Crown expressly denies that it engaged in any debt collection activity. Crown did not send any of the Collection Letters. Furthermore, Crown contends that it did not engage in any communications with Plaintiff or the Class and contends that it is not subject to the FDCPA. Plaintiff disputes this contention and nothing in this Agreement shall be construed as Plaintiff's concession that the FDCPA does not apply to Crown.

3. **Denial of Liability.** Defendants Dynamic and Crown deny violating the FDCPA and deny all liability to Plaintiff and the Class. Crown expressly denies that it is a debt collector and denies that the FDCPA applies to it. Nonetheless, Defendants desire to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to the Collection Letters at issue or that have been asserted by Plaintiff and the Class against Defendants in the Litigation.

4. Plaintiff, individually and on behalf of the Class, desires to settle her claims against Defendants, having considered through Plaintiff's counsel the risks, delay, and

difficulties involved in establishing a right to recovery over that offered by this settlement and the likelihood that the Litigation will be further protracted and expensive.

5. Plaintiff's counsel has investigated the facts and the applicable law. Upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Class to enter into this Agreement.

6. In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel and Defendants each agree to settle the claims of the Plaintiff and the Class arising from the Collection Letters at issue, subject to the Court's approval, on the following terms and conditions.

## TERMS

7. **Effective Date.** This Agreement shall become effective (the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses Plaintiff and the Class Members' claims alleged in the Complaint against Defendants with prejudice; and (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement under the terms and provisions of this Agreement.

8. **Class.** The parties agree to seek certification of the following class:

> (a) all individuals with Illinois addresses, (b) to whom a letter was sent by Dynamic to collect a debt, (c) which identified Crown as the current creditor, (d) which debt was a credit card on which the last payment had been made more than 5 years prior to the date of the letter, (e) which letter offered a settlement or a payment plan (f) which letter did not state that any payment may restart the statute of limitations, and (g) which letter was sent on or after a date one year prior to the filing of this action [May 30, 2016] and on or before a date 21 days after the filing of this action [June 20, 2017].

Based on Dynamic's records, there are approximately 109 persons that fall within the above class definition (collectively referred to as "Class Members").

9. **Relief to Plaintiff and the Class.** Subject to Court approval Plaintiff and the class shall receive the below amounts which defense counsel represents have been paid solely by Dynamic and deposited into the trust account of The Echols Firm, LLC. The below funds shall be held in trust by The Echols Firm, LLC until they are distributed to the Class Administrator as provided in paragraph 11:

   a. $20,000 for the Class Settlement Fund;

    b. The Class Settlement Fund will be divided on a *pro rata* basis to each Class Member ("Class Recovery") who does not exclude themselves from the class ("Claimants"). Class Recovery will be sent to Claimants by check. Checks issued to Claimants will be void after 60 days;

    c. $2,500.00 to Plaintiff for her role as class representative;

    d. $25,000.00, as attorneys' fees and costs;

    e. If any portion of the Class Recovery remains 30 days after the void date on the Claimants' checks, such funds will be distributed as a *cy pres* award to Chicago Law and Educational Foundation (3120 South Kostner, Chicago, IL 60623); and

    f. Dynamic shall pay all costs associated with the notice under this class settlement and the costs of administering the class settlement;

10. **Right of Exclusion or Objection.**

    a. All Class Members who properly file a timely written request for exclusion from the Class shall be excluded from the Class settlement and shall have no rights as Class Members pursuant to this Agreement. A request for exclusion must be in writing and state "I hereby wish to exclude myself from the settlement in *Teifeld v. Dynamic Recovery Solutions, LLC, et al.*, 1:17-cv-04072 (N.D. Ill.)." The request must also include the name, address, phone number and signature of the person(s) or entity seeking exclusion. The request must be mailed to the Class Administrator at the address provided in the Class Notice and received by such date as set by the Court. The Class Administrator will forward all requests for exclusion or objections to counsel for all parties within 7 days of receipt.

    b. Objections must be filed with the Court by the Class Member making the objection and served on all counsel of record.

    c. Class Members shall have sixty (60) days after mailing of the Class Notice to complete and postmark a request to be excluded from the proposed settlement or to object to the proposed settlement.

    d. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified shall be invalid and the person(s) serving such request shall remain a Class Member and shall be bound as a Class Member by the Settlement, if approved.

11. **Payment.** Dynamic shall distribute the payment in Paragraph 9(a) to the Class Administrator 14 days in advance of the Final Fairness Hearing to be held in trust. The Class Administrator shall distribute all monies set forth in Paragraph 9. Each Class Member who does not exclude him or herself will receive a check for that Member's pro rata share of the Class

Recovery referred to in Paragraph 9(a) and (b) above. The checks shall be void after 60 days from the date of issuance. Dynamic shall send Plaintiff's incentive award, described in Paragraphs 9(c), by check to Class Counsel and the check shall be made out to "Edelman, Combs, Latturner & Goodwin LLC Client Trust Account." Dynamic shall send Plaintiff counsel's attorneys' fees and costs, described in Paragraphs 9(d), by check to Class Counsel and the check shall be made out to "Edelman, Combs, Latturner & Goodwin LLC Operating Account."

12. **Release.** Upon the Effective Date, the parties grant the following releases:

   a. Plaintiff, Judith L. Teifeld, including every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), release and discharge Defendants and their parent corporations, or companies, predecessors and successors in interest and present and former affiliates, subsidiaries, commonly owned or controlled entities, insurers, officers, directors, agents, employees, members, shareholders, owners, managers, trustees, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, and assigns (in their capacities as such) (collectively, "Released Parties"), from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violation of the FDCPA, FDCPA state equivalents, or any other state, federal, or local law, statute, regulation or common law, that were alleged in the Litigation, could have been alleged in the Litigation, or that arise out of or relate to the conduct alleged in the Litigation.

   b. Each member of the Class who does not opt out releases and discharges the Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violation of

the FDCPA, FDCPA state equivalents, or any other state, federal, or local law, statute, regulation or common law, that were alleged in the Litigation. .

c. Defendants agree to release Plaintiff and each Class Member who is not excluded in accordance with Paragraph 10 of this Agreement of all claims related to the accounts identified in the Collection Letters (the "Accounts"), and agree not to refer, assign, resell or transfer the right to collect on the Accounts. The parties acknowledge that this release is a result of a "contested liability" that was disputed in good faith.

The above releases are conditioned upon the approval of the Agreement by the Court and the parties meeting the obligations set forth herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

13. **Attorneys' Fees, Notice Costs and Related Matters.** Dynamic will pay the costs of notice and settlement administration, as described above in Paragraph 9(f). Subject to Court approval, Dynamic will also pay Plaintiff's counsel an amount not to exceed $25,000.00, in attorneys' fees and costs. The amount shall be paid by check 14 days before the Final Fairness Hearing to be held in trust until the later of the Effective Date or 14 days after the fees and costs are determined by Court order. This amount shall be sent to Edelman, Combs, Latturner & Goodwin, LLC (#33882), 20 S. Clark St., 1500, Chicago, IL 60603, or at any other address that Defendant's counsel in writing is directed to send the monies by Class Counsel.

14. **Notice.** Within 30 days of entry of the Preliminary Approval Order, Dynamic shall, through the Class Administrator cause actual notice, in the form of Exhibit 1, to be sent to the last known addresses of the Class Members, according to Defendants' records. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. If a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four days of receipt. The Class Administrator is required to skip trace, through their normal processes, any letters that are returned as undeliverable after the initial mailing of the notice.

15. **Class Action Fairness Act.** Defendants shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

16. **Preliminary Approval.** As soon as practicable after execution of this Agreement, the parties shall apply to the Court for the Preliminary Approval Order, attached as Exhibit 2, which:

a. Preliminarily approves this Agreement;

b. Schedules a hearing for final approval of this Agreement;

c. Approves Exhibit 1 hereto as notice to the Class, to be directed to the last

5

known address of the Class Members as shown on Defendants' records; and

    d. Finds that mailing of the Class Notice and the other measures specified in Paragraph 14 are the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

17. The parties agree to request the form of Notice attached hereto as Exhibit 1 and propose the form of Preliminary Approval Order attached hereto as Exhibit 2. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

18. **Class List.** If not already provided, within five (5) days of the entry of the Preliminary Approval Order, Counsel for Dynamic shall provide Counsel for Plaintiff with the list of Class Members names and addresses, according to Dynamic's records. Within ten (10) days after the date of the Final Approval Order, the Class Administrator will provide Plaintiff's Counsel and Defendants' Counsel with an updated list of Claimants including any updated address information received. If final approval is granted, the Parties shall retain the class list and a list of Class Members who excluded themselves for six months following the Effective Date, and may destroy them after that period.

19. **Final Approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of 90 days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Plaintiff's counsel, Defendants' counsel and Defendants shall request that the Court (i) enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate; (ii) providing for the implementation of those terms and provisions; (iii) finding that the notice given to the Class satisfies the requirements of due process and Rule 23; (iv) dismissing the claims of Plaintiff and the Class alleged in the Complaint with prejudice and without costs; and (v) directing the entry of a final order.

20. The parties agree to request the form of final order attached hereto as Exhibit 3. The fact that the Court may require non-substantive changes in the final order does not invalidate this Agreement.

21. **Amendment of Complaint.** Upon presentment of the Joint Motion for Preliminary Approval of Class Action Settlement, Plaintiff will request leave to file an Amended Complaint, which will only include one class definition as defined in Paragraph 8 above.

22. **Release of Attorneys' Lien.** In consideration of this Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in Paragraph 12 above, of and from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of fees and costs determined under Paragraph 13, for legal services rendered by Plaintiff's counsel.

23. **Miscellaneous Provisions.**

    a. The parties acknowledge that this Settlement Agreement memorializes the compromise of disputed actual and potential claims.

b. The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to affect the consummation of this Agreement and the settlement provided for herein.

c. Notices and objections related to this Agreement shall be sent to the following attorneys:

Cassandra P. Miller (#33882)
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street,
Suite 1500
Chicago, Illinois 60603

Jennifer Weller
Hinshaw & Culbertson LLP
222 N. LaSalle Street,
Suite 300
Chicago, Illinois 60601

Without court approval, the persons and addresses designated in this sub-paragraph may be changed by any party by written notice to the other parties.

d. This Agreement constitutes the entire agreement between the parties and may not be modified or amended except in writing, signed by all parties, and approved by the Court.

e. This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles, or digital scans of executed copies of this Agreement may be treated as originals.

f. Every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Class, and their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

g. This Agreement shall be governed by and interpreted under the laws of the State of Illinois.

h. If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for six (6) months from final approval, and may destroy them after that period.

**IN WITNESS WHEREOF**, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____Nov 4_____, 2018.

Plaintiff individually
and as Class Representative:

_____*Judith Teifeld*_____
Judith L. Teifeld

Attorneys for Judith L. Teifeld,
and the Class:

_____*[signature]*_____
Daniel A. Edelman
Cassandra P. Miller
Edelman, Combs, Latturner
& Goodwin, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603

Dynamic Recovery Solutions LLC:

By: _____
   Its duly authorized representative

Crown Asset Management, LLC:

By: _____
   Its duly authorized representative

8

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____, 2018.

| | |
|---|---|
| Plaintiff individually<br>and as Class Representative: | Attorneys for Judith L. Teifeld,<br>and the Class: |
| _____<br>Judith L. Teifeld | _____<br>Daniel A. Edelman<br>Cassandra P. Miller<br>Edelman, Combs, Latturner<br>& Goodwin, LLC<br>20 S. Clark St., Suite 1500<br>Chicago, Illinois 60603 |
| Dynamic Recovery Solutions LLC: | Crown Asset Management, LLC: |
| By: _____<br>Its duly authorized representative | By: _____<br>Its duly authorized representative |

8