IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Judith L. Teifeld, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:17-cv-04072 |
| vs. | ) |
| | ) Honorable Sharon Johnson Coleman |
| Dynamic Recovery Solutions, LLC, and | ) |
| Crown Asset Management, LLC, | ) |
| | ) |
| Defendants. | ) |

## FINAL APPROVAL ORDER

Upon consideration of the parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Judith L. Teifeld ("Plaintiff"), individually, and as representative of the class of persons defined below ("Class"), and Defendant, Dynamic Recovery Solutions, LLC, and Crown Asset Management, LLC, the Court orders and finds as follows:

1. On August 14, 2018, the Court preliminarily approved the Agreement on behalf of Plaintiff and a Class consisting of:

> (a) all individuals with Illinois addresses, (b) to whom a letter was sent by Dynamic to collect a debt, (c) which identified Crown as the current creditor, (d) which debt was a credit card on which the last payment had been made more than 5 years prior to the date of the letter, (e) which letter offered a settlement or a payment plan (f) which letter did not state that any payment may restart the statute of limitations, and (g) which letter was sent on or after a date one year prior to the filing of this action [May 30, 2016] and on or before a date 21 days after the filing of this action [June 20, 2017].

2. The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to approximately 109 class members by First Class, Inc., the settlement administrator. A total of 11 envelopes were returned by the United States Postal Service.

3. Two of the 11 returned notices were returned after the deadline for exclusions or objections ("Untimely Returned Notices"). The Class Administrator located new addresses for these two individuals and notices were re-mailed to the new addresses. These individuals are:

    a. Juan Martinez

    b. Deborah Dockter

4. At the direction of this Court, Class Counsel sent letters to Class Members Martinez and Dockter at the new addresses located by the Class Administrator informing them that because of the postal services' delay in returning the notices as undeliverable, they would be permitted an additional 30 days from the date of the letter to submit requests for exclusions or objections to the settlement. With the additional 30 days, Class Members Martinez and Dockter were required to submit any requests for exclusions or objections by February 25, 2019. The parties report that no requests for exclusion or objections were received by Class Members Martinez and Dockter by the February 25, 2019 extended deadline.

5. Ultimately, a total of 4 notices were returned as undeliverable with no forwarding address or further information provided by the U.S. Postal Service, and no additional address searches were successful. The Court hereby excludes the 4 individuals whose notices were ultimately returned to the settlement administrator with no valid address having been found. As such, the following individuals are excluded from the Settlement as no valid address for purposes of notice was found:

    a. Theresa Edwards

    b. Rodney Gordon

    c. Eric Garcia

    d. Claudia Yepez

6. No objections were filed or received.

7. On January 15, 2019 the Court held a fairness hearing to which class members, including any with objections, were invited. No class members objected or requested exclusion from the settlement.

8. The Court finds that provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure 23 and due process.

9. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the parties, including the Release and payments provided for therein.

10. The Court approves Chicago Law and Education Foundation as the designated *cy pres* recipient, if any of the settlement checks to the Class are not cashed by the Void Date.

11. The Court approves Class Counsel's request for approval of an award of attorney's fees and costs of $25,000.00 as fair and reasonable, which are paid in addition to the Settlement Fund.

12. The Court finds the Agreement fair and made in good faith.

13. The terms of the Agreement are incorporated into this order.

14. The Court hereby approves the payment of the below settlement funds which have been paid by Dynamic and deposited into the trust account of the Echols Firm, LLC pursuant to the Agreement:

    a. Relief to Plaintiff. A payment of $2,500.00 to Plaintiff as damages, for her role as class representative ;

    b. Class Recovery. A payment of $20,000 for the Class Settlement Fund, which shall be distributed *pro rata* to all Class Members who did not opt out or exclude themselves from the Agreement ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void after 60 days ("Void Date").

   c. Attorney Fees and Costs. A payment of $25,000.00 as attorneys' fees and costs incurred with respect to the Litigation and the Settlement

15. If any portion of the Class Recovery remains 30 days after the void date on the Claimants' checks, such funds (after deduction of any stop payment charges on the uncashed checks) shall be donated to the Chicago Law and Education Foundation as a cy pres award.

16. Upon the Effective Date, First Class, Inc., shall issue settlement checks to the Class Members in accordance with the Agreement.

17. Within 14 days of this Order, the Echols Firm, LLC shall pay Class Counsel all attorneys' fees and costs, as provided by the Agreement and approved by this Court, as well as the Relief to Plaintiff, to be held in trust until the Effective Date, as that term is defined in the Agreement.

18. Upon the Effective Date of the Agreement, the Parties grant the following releases:

  a. Plaintiff, Judith L. Teifeld· including every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), release and discharge Defendants and their parent corporations, or companies, predecessors and successors in interest and present and former affiliates, subsidiaries, commonly owned or controlled entities, insurers, officers, directors, agents, employees, members, shareholders, owners, managers, trustees, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, and assigns (in their capacities as such) (collectively, "Released Parties"), from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based

4

       on violation of the FDCPA, FDCPA state equivalents, or any other state, federal, or local law, statute, regulation or common law, that were alleged in the Litigation, could have been alleged in the Litigation, or that arise out of or relate to the conduct alleged in the Litigation.

b. Each member of the Class who does not opt out releases and discharges the Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violation of the FDCPA, FDCPA state equivalents, or any other state, federal, or local law, statute, regulation or common law, that were alleged in the Litigation.

c. Defendants agree to release Plaintiff and each Class Member who is not excluded in accordance with Paragraph 10 of the Agreement of all claims related to the accounts identified in the Collection Letters (the "Accounts"), and agree not to refer, assign, resell or transfer the right to collect on the Accounts. The parties acknowledge that this release is a result of a "contested liability" that was disputed in good faith.

19.     The Parties have agreed, and defense counsel represents that Dynamic has paid, the costs of notice and settlement administration which was made in addition to the Class Settlement Fund.

20.     The Court hereby dismisses the claims of Plaintiff and the Class defined herein, with prejudice and without costs and directs the clerk to enter this Order as a final order.

ENTERED: _____
Sharon Johnson Coleman
United States District Judge

DATED:    2/26/2019

5